IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:11CR251 |
| | ) | |
| v. | ) | |
| | ) | |
| DEWEY DEAN MILLER, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's memorandum in support of application for writ of habeas corpus post conviction relief (Filing No. 92) and motion for authorization to file a second successive 2255 (Filing No. 94). For the reasons outlined below the Court will deny defendant's § 2255 motion.[1]

**BACKGROUND**

On June 6, 2012, Dewey Dean Miller ("defendant") pled guilty to count one of an indictment charging him with a violation of 21 U.S.C. § 846 (Filing No. 73 at 1). On September 13, 2012, the Court sentenced defendant to a term of imprisonment of seventy months and a five-year term of supervised release upon the conclusion of his imprisonment. *See* Filing No. 81.

---

[1] As is more fully explained below, the Court's October 20, 2015, order provided notice to defendant that his filings would be characterized as a petition for relief under habeas corpus, 28 U.S.C. § 2255.

Following his sentence, defendant filed a number of motions and filings seeking various relief both from this Court and from the United States Court of Appeals for the Eighth Circuit. *See, e.g.*, Filing Nos. 83-84, 89, 92, 94, 99. On October 9, 2015, the Eighth Circuit remanded defendant's case to this Court "for further proceedings on Miller's habeas claim." (Filing No. 111 at 1). The Court of Appeals stated "[a]fter filing a motion to reduce his sentence, federal prisoner Dewey Miller filed a 'Memorandum in Support of Habeas Corpus Post-Conviction Relief' in which he raised a double jeopardy claim." (*Id.*) On October 20, 2015, in accordance with the instructions from the Eighth Circuit and the United States Supreme Court's holding in *Castro v. United States*, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003), the Court gave defendant notice that Filing No. 92 and Filing No. 94 would be construed as petitions seeking relief under habeas corpus. *See* Filing No. 113. The Court gave defendant until November 4, 2015, to withdraw his motions or file an amendment adding any additional claims for the Court's consideration. *See id.* As of the date of this memorandum opinion, the defendant has not withdrawn or modified his filings.

**LAW AND DISCUSSION**

Section seven of defendant's plea agreement provides in part:

> 1. The Defendant further knowingly and expressly waives any and all rights to contest the Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. except:
>
>    (a) The right to timely challenge Defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which Defendant is agreeing to plead guilty fails to state a crime.
>
>    (b) The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim could not be known by the Defendant at the time the Defendants enters the guilty plea contemplated by this plea agreement.

Filing No. 73 at 7. Neither of the exceptions outlined in the plea agreement apply here. Accordingly, the defendant knowingly waived his right to file this or any other § 2255 petition not in conformity with one of the explicit exceptions stated in defendant's plea agreement.

While the Court is satisfied this waiver, that defendant knowingly entered into, disposes of his claims, the Court will briefly address an additional reason why defendant's habeas relief ought to be dismissed. Section 28 U.S.C. § 2255 contains a one year statute of limitations and provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- (1) the date on which the judgment of conviction becomes final . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant filed his memorandum in support of application for writ of habeas corpus post conviction relief (Filing No. 92) on March 3, 2015, far longer than a year after his judgment of conviction became final. *See* 28 U.S.C. § 2255; *United States v. Ramirez*, No. 8:11CR70, 2013 WL 869794 (D. Neb. March 7, 2013). Defendant fails to provide the Court with any facts or information as to why defendant's claim could not have been presented within the statutorily allotted time or why the exception in the statute should apply. Therefore, defendant's motions seeking relief under habeas corpus are untimely and

should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 23rd day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court