IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:11CR251 |
| v. | |
| DEWEY DEAN MILLER, | ORDER |
| Defendant. | |

This matter is before the Court on Dewey Dean Miller's ("Miller") Motion to Withdraw Plea of Guilty (Filing No. 298). On March 3, 2021, Miller, who was then on supervised release, *see* 18 U.S.C. § 3583, appeared before the Court for a revocation hearing under Federal Rule of Criminal Procedure 32.1(b)(2). After the Court's colloquy, Miller admitted to violating a mandatory condition of his supervised release. The Court accepted Miller's admission and sentenced him to twenty-four months imprisonment, followed by twenty-four months of supervised release.

Miller seeks to withdraw his admission of guilt[1] because he suffered a seizure on February 26, 2021, and now alleges he "has no memory of the hearing during which he admitted to supervised release violation and was sentenced." The Court has thoroughly reviewed the record in this case. Based upon Miller's demeanor during the hearing and his responses to the Court's specific questions, the Court finds he was competent to admit guilt during the hearing and did so knowingly and voluntarily. *See United States v. Martinez*, 446 F.3d 878, 881 (8th Cir. 2006) ("A defendant is competent if [he] possesses a 'sufficient

---

[1]Miller seeks to withdraw his admission to violating a condition of supervised release pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), which allows the withdrawal of a guilty plea before a sentence is imposed if the defendant can demonstrate "a fair and just reason for requesting the withdrawal." Although Rule 11 does not strictly apply to revocations of supervised release, *see United States v. Iyarpeya*, 772 F.3d 832 (8th Cir. 2014), this standard is instructive under these circumstances.

present ability to consult with [his] lawyer with a reasonable degree of rational understanding' and 'has a rational as well as factual understanding of the proceedings.'" (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960))); *see also United States v. Fitzhugh*, 78 F.3d 1326, 1329 (8th Cir. 1996) (finding the district court did not err in denying defendant's motion to withdraw a guilty plea based upon allegations that his medical condition "impaired his memory and thus rendered this guilty plea involuntary" in light of the district court's "lengthy and cogent colloquy" at the hearing).

During the hearing, the Court inquired into Miller's mental state, and Miller confirmed he understood the proceedings, the allegations against him, and admitted to violating a term of his supervised release. At one point, Miller had a question relating to the maximum penalties he faced, and the Court paused the proceedings to allow him to discuss those terms with his attorney. Neither Miller nor his counsel raised any concerns regarding Miller's mental state during the hearing, and nothing about Miller's demeanor caused the Court to question his competency. Accordingly, the Court denies Miller's motion to withdraw.

IT IS SO ORDERED.

Dated this 25th day of March 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge